# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA M. BEVAN and <br> BRIAN J BEVAN, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT J. O'DONNELL, <br><br> Defendant. | No. 4:19-CV-00802 <br><br> (Judge Brann) |

## ORDER

### JULY 3, 2019

In June 2017, Lisa Bevan was suspended from her teaching job at the State College Area School District for allegedly striking a student. Consequently, she and her husband brought this action against the school district's superintendent, Robert J. O'Donnell. Their complaint contains claims for intentional infliction of emotional distress (Count I); for loss of consortium (Count II); and for a violation of procedural due process (Count III). Mr. O'Donnell now moves to dismiss that complaint.

**Analysis**

Mr. O'Donnell argues that the intentional infliction of emotional distress claim should be dismissed on the basis of high public official immunity. This Court agrees. Pennsylvania law shields certain state officials (including superintendents) from liability for certain torts (including intentional infliction of emotional distress),

if the complained-of conduct falls "within the course of [the] defendant['s] duties or scope of authority."[1] Here, Mr. O'Donnell's superintendent duties included handling teacher discipline issues.[2] And the intentional infliction of emotional distress claim is based entirely on actions Mr. O'Donnell took while disciplining Ms. Bevan for her alleged misconduct. Therefore, Mr. O'Donnell is immune from the intentional infliction of emotional distress claim, and it will be dismissed. Because this Court cannot conceive how amendment of this claim would help its defects—*i.e.*, how amendment would overcome Mr. O'Donnell's immunity—the dismissal will be with prejudice.

Mr. O'Donnell then argues that the loss of consortium claim should be dismissed because it is derivative of the intentional infliction of emotional distress claim. This Court agrees.[3] For the reasons stated above, dismissal of this claim will also be with prejudice.

Finally, Mr. O'Donnell argues that the procedural due process claim should be dismissed because Ms. Bevan, through the teacher's union, successfully

---

[1] *Zugarek v. Southern Tioga School Dist.*, 214 F. Supp. 2d 468, 479 (M.D. Pa. 2002).

[2] Complaint (ECF No. 1-1) ¶ 6 ("As Superintendent, [Mr.] O'Donnell's duties include the general oversight of the operations of the District, and specifically include, without limitation, the imposition of discipline on teachers employed by the District.").

[3] *Szydlowski v. City of Philadelphia*, 134 F. Supp. 2d 636, 639 (E.D. Pa. 2001) ("It is well-established that, under Pennsylvania law, a spouse's right to recover for loss of consortium derives only from the other spouse's recovery in tort.").

arbitrated a grievance over her suspension, winning back pay and other relief.[4] This Court agrees,[5] and will dismiss the procedural due process claim. Because there is no dispute about the nature and relief provided by the arbitration, that dismissal will be with prejudice.

## Disposition

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss, ECF No. 2, is **GRANTED**.

2. Plaintiff's complaint, ECF No. 1-1, is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[4] *See* Arbitrator's Opinion and Award (ECF No. 1-1, Ex. B) at 15 ("The grievance is SUSTAINED in its entirety. The School District shall return to [Ms.] Bevan all pay and any other benefits lost during the five-day period of suspension and shall clear [Ms.] Bevan's record of the paid and unpaid suspensions, unsatisfactory rating, negative evaluation comments, intensive assistance plan, and any other references to this incident or suspension.").

[5] *See Zugarek*, 214 F. Supp. 2d at 478 ("[I]t is clear that plaintiffs have failed to state a claim of a procedural due process violation since the procedure available, *i.e.*, arbitration, was utilized by plaintiff to challenge her dismissal. . . . On May 16, 2001, the arbitrator ordered that plaintiff be reinstated. Plaintiffs fail to allege to defendants infringed upon a protected property interest of plaintiff in a manner lacking in procedural fairness. . . . Without more, we cannot find that plaintiff has alleged adequately a deprivation of a property interest worthy of procedural due process protection.").